CP:BSK
F. # 2009R01035/NYNYE614

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

VICENTE CARRILLO FUENTES,

          Defendant.

- - - - - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 2 4 2009 ★

BROOKLYN OFFICE

I N D I C T M E N T

CR 09                    522
(T. 21, U.S.C., §§
848(a), 848(b), 848(c),
853(p), 959(a), 959(c),
960(a)(3), 960(b)(1)(B)(ii)
and 963; T. 18, U.S.C., §§ 2
and 3551 et seq.)

JOHNSON, J

J. ORENSTEIN, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

      At all times relevant to this Indictment, unless
otherwise indicated:

      1.   In or about the early 1990s, a group of narcotics
traffickers based in the Norte Valle del Cauca region of
Colombia, located near Colombia's west coast, began to dominate
the cocaine trade in Colombia.  This group of traffickers came to
be known as the "Norte Valle Cartel."  The Norte Valle Cartel
exported multi-ton loads of cocaine from Colombia's Caribbean and
Pacific Coasts.  Generally, the cocaine was transported by truck
or airplane from the interior of Colombia to coastal locations in
Colombia, where the Norte Valle Cartel worked with various
Mexican trafficking groups to ship the cocaine to Mexico via "go-
fast" boats, fishing vessels and other maritime conveyances.

      2.   The Autodefensas Unidas de Colombia ("AUC") was
Colombia's most powerful paramilitary organization and fought

battles with both the government of Colombia and the Fuerzas
Armadas Revolucionarios de Colombia ("FARC"), Colombia's main
insurgent guerilla group.  The AUC financed its paramilitary
activities and enriched its members through narcotics
trafficking.

3.   The Juarez-El Paso corridor, one of three primary
drug smuggling routes along the United States-Mexico border,
included the area from the city of Ciudad Juarez, in the state of
Chihuahua, Mexico, to El Paso, Texas.  Approximately 70% of the
cocaine which entered the United States annually was transported
through the Juarez-El Paso corridor.

4.   The Juarez-El Paso corridor was controlled by the
Juarez Cartel, also known as the "Carrillo Fuentes Drug
Trafficking Organization."  The Juarez Cartel received multi-ton
quantities of cocaine in Mexico from the Norte Valle Cartel and
the AUC.  The Juarez Cartel arranged for the transportation of
that cocaine through the Juarez-El Paso corridor into the United
States, including New York, Texas, Arizona, California, Colorado
and Illinois.  In addition, the Juarez Cartel imposed a tax on
other Mexican drug trafficking organizations that used the
Juarez-El Paso corridor to smuggle drugs into the United States.

5.   The Juarez Cartel maintained its power through
the payment of bribes to law enforcement and public officials,
and through numerous acts of violence, including murders,

-2-

kidnappings, tortures and violent collections of drug debts.

6.   The defendant VICENTE CARRILLO FUENTES has controlled the Juarez Cartel since in or about July 1997.

<u>COUNT ONE</u>
(Continuing Criminal Enterprise)

7.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8.   On or about and between July 2, 2000 and December 1, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant VICENTE CARRILLO FUENTES committed violations of Title 21, United States Code, Sections 952(a), 959(a), 960 and 963, including Violations One through Three set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant VICENTE CARRILLO FUENTES, in concert with five or more other persons, with respect to whom the defendant VICENTE CARRILLO FUENTES occupied a supervisory and management position, and was the principal administrator, organizer and leader of the continuing criminal enterprise, and from which continuing series of violations the defendant VICENTE CARRILLO FUENTES obtained substantial income and resources, in excess of $10 million in gross receipts in a

-3-

twelve month period for the manufacture, importation and distribution of cocaine.  Each violation involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a substance containing cocaine.  The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Three set forth below:

Violation One
(International Cocaine Distribution - Norte Valle Cartel Shipment)

9.  On or about and between June 5, 2004 and June 10, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

-4-

<u>Violation Two</u>
(International Cocaine Distribution - Norte Valle Cartel
Shipments)

10.  On or about and between July 1, 2004 and October 31, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

<u>Violation Three</u>
(International Cocaine Distribution - AUC Shipments)

11.  On or about and between January 1, 2005 and December 1, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a), 848(b) and 848(c); Title 18, United States Code, Sections 3551 et seq.)

<u>COUNT TWO</u>
(International Cocaine Distribution Conspiracy)

12.  The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

13.  On or about and between January 1, 1998 and December 1, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 959(a).

(Title 21, United States Code, Sections 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 3551 et seq.)

-6-

## COUNT THREE
(International Distribution of Cocaine - Norte Valle Cartel
Shipment)

14.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

15.   On or about and between June 5, 2004 and June 10, 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
(International Distribution of Cocaine - Norte Valle Cartel
Shipments)

16.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

17.   On or about and between July 1, 2004 and October 31, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE

-7-

CARRILLO FUENTES, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FIVE
(International Distribution of Cocaine - AUC Shipments)

18.   The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

19.   On or about and between January 1, 2005 and December 1, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

-8-

<u>CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE</u>
(Continuing Criminal Enterprise)

20.   The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and any of his interest in, claims against and property or contractual rights affording a source of control over, the continuing criminal enterprise, including but not limited to at least approximately $1 billion in United States currency.

21.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

-9-

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO
COUNTS TWO THROUGH FIVE
(International Cocaine Trafficking)

22. The United States hereby gives notice to the defendant that, upon his conviction of any one of the offenses charged in Counts Two through Five, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses including but not limited to at least approximately $1 billion in United States currency.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

-10-

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

No. _ _ _ _ _

# UNITED STATES DISTRICT COURT

EASTERN _____ District of _____ NEW YORK _____

THE UNITED STATES OF AMERICA

vs.

VICENTE CARRILLO FUENTES,

Defendant.

## INDICTMENT

Cr. No. _____
(T. 21, U.S.C., §§ 848(a), 848(b), 848(c),
853(p), 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii)
and 963; T. 18, U.S.C., §§ 2 and 3551 et seq.)

A true bill.

_____
Foreman

Filed in open court this _____ day.

of _____ A.D. 19 _____

_____
Clerk

Bail, $ _____

BONNIE KLAPPER, AUSA 718-254-6426

FORM DBD.34
JUN.85

F.#



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



CRIMINAL CASE
INFORMATION SHEET

1.  Title of Case: UNITED STATES v. VICENTE CARRILO FUENTES

2.  Related Magistrate Docket Number(s): N/A

    None ( ✓ )

3.  Arrest Date: N/A

4.  Nature of Offense(s):    ✓ Felony
                             _____ Misdemeanor

5.  Related Cases--Title and Docket No(s). (Pursuant to Rule 50.3 of
    the Local E.D.N.Y. Division of Business Rules). None

6.  Projected Length of Trial:    Less than 6 weeks (X)
                                  More than 6 weeks ( )

7.  County in which cause of action arose: KINGS / Queens
    (Pursuant to Rule 50.1(d) of the Local EDNY Division of Business
    Rules)

8.  Has this indictment/information been ordered sealed? ( )Yes (X)No

9.  Have arrest warrants been ordered? (✓)Yes      ( )No

                              UNITED STATES ATTORNEY

                         By: _____
                              BONNIE KLAPPER
                              Assistant U.S. Attorney
                              (718) 254-6426