**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 0 2 2019 ★

BROOKLYN OFFICE

MPR:PEN/DJL
F.# 2009R01035/OCDETF# NY-NYE-614

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

VICENTE CARRILLO FUENTES,
also known as "El Viceroy,"

Defendant.

- - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 09-522 (S-1) (SJ)
(T. 21, U.S.C., §§ 841(b)(1)(A)(ii)(II),
846, 848(a), 848(b), 848(c), 848(e)(1)(A),
853(a), 853(p), 959(a), 959(c), 960(a)(3),
960(b)(1)(B)(ii), 963 and 970; T. 18,
U.S.C., §§ 2, 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(c)(1)(B)(ii), 924(d)(1), 982, 1956(h),
3238 and 3551 et seq.; T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

1.     The "Carrillo Fuentes Drug Trafficking Organization," at times also known as the "Juarez Cartel," controlled narcotics trafficking from Mexico into the United States via the Juarez-El Paso corridor.  The Juarez-El Paso corridor was a primary drug smuggling route along the United States-Mexico border, included the area of Ciudad Juarez, in the state of Chihuahua, Mexico, to El Paso, Texas.  A vast quantity of the cocaine entered the United States annually through the Juarez-El Paso corridor.

2.     Amado Carrillo Fuentes served as the head of the Carrillo Fuentes Drug Trafficking Organization until his death in or about July 1997, when the defendant VICENTE

CARRILLO FUENTES, also known as "El Viceroy," who was Amado Carrillo Fuentes's brother and trusted lieutenant, became the leader of the Carrillo Fuentes Drug Trafficking Organization.  Under both Amado Carrillo Fuentes and the defendant VICENTE CARRILLO FUENTES, the Carrillo Fuentes Drug Trafficking Organization received multi-ton quantities of cocaine in Mexico from the Norte del Valle Cartel in Colombia, as well as other cocaine suppliers.  The Carrillo Fuentes Drug Trafficking Organization arranged for the transportation of cocaine through the Juarez-El Paso corridor into the United States, including to New York, Texas, California and Illinois.

3.  From the 1990s until 2004, the Carrillo Fuentes Drug Trafficking Organization was closely aligned with the Sinaloa Cartel, one of the largest and most powerful drug trafficking organizations in the world.  Members of the Sinaloa Cartel shared investment in drug shipments, the use of transportation infrastructure and corrupt official contacts to facilitate the transfer of drugs through Mexico and into the United States.  The Carrillo Fuentes Drug Trafficking Organization also imposed a tax on other drug trafficking organizations that used the Juarez-El Paso corridor to smuggle drugs into the United States.  In or about 2004, the Carrillo Fuentes Drug Trafficking Organization split from and entered into a war with the Sinaloa Cartel.  This war, which the Carillo Fuentes Drug Trafficking Organization continued to wage over the next decade, included a violent battle for control of the Juarez-El Paso corridor.

4.  The Carrillo Fuentes Drug Trafficking Organization maintained its power in part through the payment of bribes to law enforcement and public officials, and through

2

numerous acts of violence.  The defendant VICENTE CARRILLO FUENTES, as a member and leader of the Carrillo Fuentes Drug Trafficking Organization, employed "sicarios," or hitmen, who carried out hundreds of acts of violence, including murders, assaults, kidnappings, assassinations and acts of torture at the direction of the defendant.  The defendant directed and ordered these acts of violence for a variety of reasons, including but not limited to:

(a)     Promoting and enhancing the prestige, reputation and position of the Carrillo Fuentes Drug Trafficking Organization with respect to rival criminal organizations;

(b)     Preserving and protecting the power, territory and criminal ventures of the Carrillo Fuentes Drug Trafficking Organization, including but not limited to the Carrillo Fuentes Drug Trafficking Organization's control over drug trafficking routes over the U.S.-Mexico border;

(c)     Enforcing discipline amongst its members and associates by punishing disloyalty and perceived failures; and

(d)     Protecting members of the Carrillo Fuentes Drug Trafficking Organization from arrest and prosecution by silencing potential witnesses and retaliating against anyone who provided information or assistance to law enforcement authorities.

<u>COUNT ONE</u>
(Continuing Criminal Enterprise)

5.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

3

6.      In or about and between January 1990 and October 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, also known as "El Viceroy," together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant VICENTE CARRILLO FUENTES committed violations of Title 21, United States Code, Sections 841(a), 846, 848(e)(1)(A), 952(a), 959(a), 960(a) and 963, including Violations One through Six set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant VICENTE CARRILLO FUENTES, who was one of several principal administrators, organizers and leaders of the continuing criminal enterprise, in concert with five or more other persons, with respect to whom the defendant VICENTE CARRILLO FUENTES occupied a position of organizer, supervisor and position of management, and was one of several principal administrators, organizers and leaders of the continuing criminal enterprise, and from which continuing series of violations the defendant VICENTE CARRILLO FUENTES obtained substantial income and resources, and which enterprise received in excess of $10 million in gross receipts during one or more twelve-month period for the manufacture, importation and distribution of cocaine. One or more violations involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a substance containing cocaine. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Six set forth below:

4

### Violation One
(International Cocaine Distribution –
Approximately 1,100 Kilograms of Cocaine)

7.    On or about September 15, 1999, within the extraterritorial jurisdiction of the United States, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Two
(International Cocaine Distribution –
Approximately 1,923 Kilograms of Cocaine)

8.    On or about May 24, 2002, within the extraterritorial jurisdiction of the United States, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Three
(International Cocaine Distribution –
Approximately 1,925 Kilograms of Cocaine)

9.    On or about August 16, 2002, within the extraterritorial jurisdiction of the United States, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Four
(International Cocaine Distribution –
Approximately 1,997 Kilograms of Cocaine)

10.    On or about January 28, 2003, within the extraterritorial jurisdiction of the United States, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

<u>Violation Five</u>
(International Cocaine Distribution –
Approximately 1,500 Kilograms of Cocaine)

11.     On or about and between June 5, 2004 and June 10, 2004, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant VICENTE CARRILLO FUENTES, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

<u>Violation Six</u>
(Murder Conspiracy –
Persons who Posed a Threat to the Juarez Cartel)

12.     In or about and between January 1990 and October 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant VICENTE CARRILLO FUENTES, together with others, while engaged in one or more offenses punishable under Sections 841(b)(1)(A) and 960(b)(1) of Title 21 of the United States Code, to wit: the crimes charged in Counts Two through Four, did knowingly and intentionally conspire to kill and cause the intentional killing of one or more persons, to wit: persons who posed a threat to the Juarez Cartel, and such killings did result, contrary to

Title 21, United States Code, Section 848(e)(1)(A), in violation of Title 21, United States

Code, Section 846.

(Title 21, United States Code, Sections 848(a), 848(b), 848(c) and 848(e)(1)(A);

Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## COUNT TWO
### (International Cocaine Distribution Conspiracy)

13.     The allegations contained in paragraphs one through four are realleged

and incorporated as if fully set forth in this paragraph.

14.     In or about and between January 1990 and October 2014, both dates

being approximate and inclusive, within the extraterritorial jurisdiction of the United States,

the defendant VICENTE CARRILLO FUENTES, also known as "El Viceroy," together with

others, did knowingly and intentionally conspire to distribute a controlled substance, intending

and knowing that such substance would be unlawfully imported into the United States from a

place outside thereof, which offense involved a substance containing cocaine, a Schedule II

controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3).

The amount of cocaine involved in the conspiracy attributable to the defendant as a result of

his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five

kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 963, 960(b)(1)(B)(ii) and 959(c); Title

18, United States Code, Sections 3238 and 3551 et seq.)

8

## COUNT THREE
(Cocaine Importation Conspiracy)

15.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

16.     In or about and between January 1990 and October 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, also known as "El Viceroy," together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1).  The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 963 and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FOUR
(Cocaine Distribution Conspiracy)

17.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

18.     In or about and between January 1990 and October 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, also known as "El Viceroy," together with

9

others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FIVE
(International Distribution of Cocaine –
Approximately 1,500 Kilograms of Cocaine)

19.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

20.     On or about and between June 5, 2004 and June 10, 2004, both dates being approximate and inclusive, the defendant VICENTE CARRILLO FUENTES, also known as "El Viceroy," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii) and 959(c); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

10

## COUNT SIX
### (Use of Firearms)

21.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

22.     In or about and between January 1990 and October 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, also known as "El Viceroy," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Counts One through Four, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crimes, one or more of which firearms was brandished and discharged and one or more of which firearms was a machinegun.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 2 and 3551 et seq.)

## COUNT SEVEN
### (Conspiracy to Launder Narcotics Proceeds)

23.     The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

24.     In or about and between January 1990 and October 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant VICENTE CARRILLO FUENTES, also known as "El Viceroy," together with others, did knowingly and intentionally conspire to: (i) conduct one or more financial

11

transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 848, 952(a), 959 and 963, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, and to avoid one or more transaction reporting requirements, contrary to Title 18, United States Code, Section 1956(a)(1)(B); and (ii) transport, transmit and transfer monetary instruments and funds from a place in the United States to and through one or more places outside the United States, to wit: Mexico and Colombia, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(2)(A), and (b) knowing that the funds represented the proceeds of some form of unlawful activity and knowing that the transportation, transmission and transfer were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, and to avoid one or more transaction reporting requirements, contrary to Title 18, United States Code, Section 1956(a)(2)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE
(Continuing Criminal Enterprise)

25.    The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense; and (c) any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

26.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

13

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWO THROUGH FIVE
(Cocaine Trafficking)

27.     The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Two through Five, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a) and 970, which require any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

28.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

14

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a), 853(p) and 970)

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT SIX
(Use of Firearms in Furtherance of Drug Trafficking)

29.    The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Six, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

30.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

15

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT SEVEN
(Money Laundering)

31.     The United States hereby gives notice to the defendants that, upon conviction of the offense charged in Count Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in such offense, and all property traceable to such property.

32.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)     cannot be located upon the exercise of due diligence;

      (b)     has been transferred or sold to, or deposited with, a third party;

      (c)     has been placed beyond the jurisdiction of the court;

      (d)     has been substantially diminished in value; or

      (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to

16

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)


A TRUE BILL

FOREPERSON


RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

17

F. # 2009R01035
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*VICENTE CARRILLO FUENTES,*

Defendant.

## INDICTMENT

(T. 21, U.S.C., §§ 841(b)(1)(A)(ii)(II), 846, 848(a), 848(b), 848(c), 848(e)(1)(A), 853(a), 853(p), 959(a), 960(a)(3), 960(b)(1)(B)(ii), 963 and 970; T. 18, U.S.C., §§ 2, 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 924(d)(1), 982, 1956(h), 3238 and 3551 et seq.; T. 28, U.S.C., § 2461(c))

A true bill.

_____
                                         Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
                                         Clerk

Bail, $ _____

*David J. Litzmi, Assistant U.S. Attorney (718) 254-7010*